**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

BRIAN ANDR'E WARREN,

    Plaintiff,	Civil No. 05-73723-DT
                                        HONORABLE NANCY G. EDMUNDS
v.	UNITED STATES DISTRICT JUDGE

MICHIGAN DEPARTMENT OF
CORRECTIONS,

    Defendant,
_____/

**OPINION AND ORDER TRANSFERRING CASE TO THE COURT OF
APPEALS PURSUANT TO 28 U.S.C. § 2244(b)(3)(A)**

Before the Court is Plaintiff's "In Rem Complaint for Writ of Maritime Attachment Under the (U.C.C.) To Enforce Lien and Seize Owned Property by October 18, 2005." For the reasons stated below, this Court construes plaintiff's action as a second or successive petition for habeas relief and will transfer the matter to the United States Court of Appeals pursuant to 28 U.S.C. § 2244(b)(3)(A) for authorization to file a second or successive habeas petition.

**I. BACKGROUND**

Plaintiff filed an application for a writ of habeas corpus challenging his conviction in the Calhoun County Circuit Court for one count of first degree felony murder, two counts of first degree criminal sexual conduct, one count of assault and battery, one count of kidnapping, and unlawfully driving away an automobile.

1

This petition was denied on the merits by another judge in this district. *See Warren v. Jackson,* U.S.D.C. 00-CV-73560-DT (E.D. Mich. May 24, 2001)(Cleland, J.). [1]  Plaintiff was also denied a certificate of appealability. *Id.*

On February 19, 2003, plaintiff filed a motion for relief from judgment pursuant to Fed. R.Civ. P. 60(b), which was construed by the court as a second or successive habeas petition and was transferred to the Sixth Circuit for a certificate of authorization pursuant to 28 U.S.C. § 2244(b)(3)(A). *Warren v. Jackson,* U.S.D.C. 00-CV-73560-DT (E.D. Mich. February 24, 2003)(Cleland, J.). Plaintiff subsequently filed a motion for declaratory relief and injunctive relief, which was likewise construed as a second and successive petition for habeas relief and transferred to the Sixth Circuit pursuant to § 2244(b)(3)(A). *Warren v. Jackson,* U.S.D.C. 00-CV-73560-DT (E.D. Mich. April 16, 2003)(Cleland, J.).  The Sixth Circuit dismissed the case for want of prosecution. *In Re Warren,* U.S.C.A. 03-1332 (6th Cir. July 23, 2003).

On June 30, 2004, plaintiff filed a motion to void the habeas corpus petition for lack of subject matter jurisdiction, which was denied. *Warren v. Jackson,* U.S.D.C. 00-CV-73560-DT (E.D. Mich. July 12, 2004)(Cleland, J.).

Petitioner thereafter filed a motion for probable cause determination pursuant to 28 U.S.C. § 2249.  This motion was also construed by the district

---

[1] A district court is permitted to take judicial notice of its own files and records in a habeas proceeding. *See Van Woudenberg ex. rel. Foor v. Gibson,* 211 F. 3d 560, 568 (10th Cir. 2000); *See also Irving v. Bouchard,* 2005 WL 1802122, * 1 (E.D. Mich. July 25, 2005).

court as a second or successive habeas petition and was transferred to the Sixth Circuit for a certificate of authorization. *Warren v. Jackson,* U.S.D.C. 00-CV-73560-DT (E.D. Mich. December 23, 2004)(Cleland, J.). Petitioner subsequently filed a motion to dismiss his convictions for lack of subject matter jurisdiction, which was construed as a second or successive petition and transferred to the Sixth Circuit. *Warren v. Jackson,* U.S.D.C. 00-CV-73560-DT (E.D. Mich. April 5, 2005)(Cleland, J.). That case remains pending in the Sixth Circuit. *See In Re Warren,* U.S.C.A. 04-2569.

On April 1, 2004, plaintiff filed a "Complaint for Writ of Deliverance", in which he sought release from custody pursuant to the All-Writs Act, 28 U.S.C. § 1651. Plaintiff's action was dismissed. *Warren v. Jackson,* U.S.D.C. 04-71233-DT (E.D. Mich. May 11, 2004)(Roberts, J.); *appeal dism.* 04-1829 (6th Cir. July 13, 2004).

On July 8, 2005, plaintiff filed another petition for writ of habeas corpus with the United States District Court for the Eastern District of Michigan. This petition was likewise transferred to the Sixth Circuit for authorization to file a second or successive petition. *Warren v. Michigan Parole Board,* U.S.D.C. 05-CV-72700-DT (E.D. Mich. July 15, 2005)(Battani, J.). This case likewise remains pending in the Sixth Circuit. *See In Re Warren,* U.S.C.A. 05-2045.

## II. DISCUSSION

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act of

1996 was enacted ("AEDPA"). Among other things, the AEDPA amended 28 U.S.C. §§ 2244, 2253, and 2254, which govern habeas corpus proceedings in federal courts. These amendments change the standards and procedures that federal courts must apply when faced with second or successive petitions for writs of habeas corpus.

Before a second or successive habeas petition is filed in a federal district court, a habeas petitioner shall move in the appropriate court of appeals for an order authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A); *In re Wilson*, 142 F.3d 939, 940 (6th Cir. 1998). Under the AEDPA, a federal district court does not have jurisdiction to entertain a successive post-conviction motion or petition for writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such a successive motion or petition. *See Ferrazza v. Tessmer*, 36 F. Supp. 2d 965, 971 (E.D. Mich. 1999). Unless the Sixth Circuit Court of Appeals has given its approval for the filing of a second or successive petition, a district court in the Sixth Circuit must transfer the petition to the Sixth Circuit Court of Appeals no matter how meritorious the district court believes the claim to be. *Id.* at 971; *See also In Re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). This requirement transfers to the court of appeals a screening function which the district court previously would have performed. *Felker v. Turpin*, 518 U.S. 651, 664 (1996).

In the present case, plaintiff has filed an in rem complaint for writ of

4

maritime attachment under the Uniform Commercial Code (U.C.C.). Plaintiff claims that the defendant, the Michigan Department of Corrections, is illegally holding plaintiff "[p]ursuant to no legal process, without any legal authorization, upon no charges, or no valid legal commitment.." Although plaintiff does not specify the convictions that he is challenging, the Michigan Department of Corrections' Offender Tracking Information System (OTIS), which this Court is permitted to take judicial notice of, *See Ward v. Wolfenbarger,*323 F. Supp. 2d 818, n. 3 (E.D. Mich. 2004), indicates that the only convictions that plaintiff is serving a prison sentence for are the convictions that he challenged in his previous habeas petition. It is therefore reasonable to assume that plaintiff is attempting to challenge the constitutionality of these convictions in this case. This conclusion is buttressed by the large number of prior attempts by plaintiff to use alternative methods to challenge his convictions as a means of circumventing the AEDPA's prohibition against the filing of a successive habeas petition in the absence of permission from the Sixth Circuit Court of Appeals.

      Petitioner's complaint is the equivalent of a second or successive habeas petition and must therefore be transferred to the Sixth Circuit for a certificate of authorization pursuant to § 2244(b)(3)(A). A habeas petitioner's motion or filing should be construed as a second or successive habeas petition where "[t]he motion's factual predicate deals primarily with the constitutionality of the underlying state [or federal] conviction or sentence." *In Re Abdur'Rahman,* 392

5

F.3d 174, 181 (6th Cir. 2004) (citing *Rodwell v. Pepe,* 324 F.3d 66, 70 (1st Cir. 2003)). In this case, regardless of how plaintiff characterizes his action, he is clearly attempting to challenge the constitutionality of his convictions.

Numerous cases have held that where a prisoner's motion or filing is the functional equivalent of a second or successive habeas petition, he or she must obtain permission from the court of appeals before bringing such an action in the district court. *See e.g. Long v. Commonwealth of Kentucky,* 80 Fed. Appx. 410, 414 (6th Cir. 2003)(The provisions of 28 U.S.C. § 2244(b) apply equally to habeas petitions filed by a state prisoner under 28 U.S.C. § 2241, the general habeas statute); *Byrd v. Bagley,* 37 Fed. Appx. 94, 95 (6th Cir. 2002)(same); *Brennan v. Wall,* 100 Fed. Appx. 4, 5 (1st Cir. 2004)(state prisoner's second habeas petition would be properly denied, notwithstanding prisoner's attempt to classify action as falling under All Writs Act, since petition was successive attempt to obtain relief from state judgment); *Kutzner v. Montgomery County,* 313 F. 3d 339, 341 (5th Cir. 2002)(civil rights action filed by state prisoner, seeking to compel state officials to produce biological evidence for DNA testing on theory that, by refusing to release such evidence, officials violated his constitutional rights by preventing him from gaining access to exculpatory evidence excluding him as perpetrator, was, in effect, a challenge to validity of his capital murder conviction, and was properly denied as a successive habeas petition); *Fugate v. Department of Corrections,* 301 F. 3d 1287, 1288 (11th Cir. 2002)(civil rights complaint which was filed by

state prisoner seeking relief from sentence of death as cruel and unusual punishment was functional equivalent of second habeas petition, which district court lacked jurisdiction to consider because prisoner had not applied to the Court of Appeals for permission to file successive application).

In this case, the primary factual predicate underlying plaintiff's complaint involves a challenge to the constitutionality of his convictions. The complaint should be construed as a second or successive habeas petition for which a certificate of authorization is required. Although plaintiff would not have been required to obtain a certificate of authorization following the dismissal of his petition if it had been dismissed without prejudice on exhaustion grounds, *see Harris v. Stovall*, 22 F. Supp. 2d 659, 664 (E.D. Mich. 1998), plaintiff's prior habeas petition was dismissed on the merits. Plaintiff's complaint is the functional equivalent of a second or successive petition for a writ of habeas corpus and he is therefore required to obtain a certificate of authorization. It is appropriate for the Court to consider the issue of this complaint being a second or successive petition *sua sponte,* because subject matter jurisdiction goes to the power of the courts to render decisions under Article III of the Constitution. *See Williams v. Stegall*, 945 F. Supp. 145, 146 (E.D. Mich. 1996).

Because this appears to be a second or successive habeas petition, it would be error for this Court to dismiss the action as being time barred, rather than transfer it to the Sixth Circuit, because to do so in the absence of a

7

certificate of authorization from the Sixth Circuit would impermissibly circumvent the AEDPA's gatekeeping provisions. *Corrao v. United States*, 152 F. 3d 188, 190-91 (2nd Cir. 1998); *See also Gonzalez v. United States,* 135 F. Supp. 2d 112, 121 (D. Mass. 2001).

### III.  Conclusion

Plaintiff has not obtained the appellate authorization to file a subsequent petition as required by 28 U.S.C. § 2244(b)(3)(A).  Accordingly, the Court **ORDERS** the Clerk of the Court to transfer this case to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631 and *In Re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).


                          s/Nancy G. Edmunds
                          Nancy G. Edmunds
                          United States District Judge

Dated:  October 7, 2005

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 7, 2005, by electronic and/or ordinary mail.

                          s/Carol A. Hemeyer
                          Case Manager